UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOHN LEAM, GREG DRAYTON, SHANNON MAHONEY, SAMANTHA METTLER, and FRANCESCA MIGNOSI, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

PEPSICO, INC. and THE GATORADE COMPANY,

Defendants.

----------------------------------------------------------------x

**OPINION & ORDER**

26 Civ. 4258 (JGLC)(JCM)

MICHAEL WALSH, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

PEPSICO, INC. and THE GATORADE COMPANY,

Defendants.

----------------------------------------------------------------x

26 Civ. 5191 (JGLC)(JCM)

On May 21, 2026, Plaintiffs John Leam, Greg Drayton, Shannon Mahoney, Samantha Mettler, and Francesca Mignosi, on behalf of themselves and all others similarly situated, commenced this putative class action against Defendants PepsiCo, Inc. and The Gatorade Company, asserting, *inter alia*, false and misleading labeling of two Gatorade products in violation of state and common law. (Docket No. 1 ¶¶ 1-5)[1] (the "*Leam* Action"). On June 18, 2026, Plaintiff Michael Walsh, on behalf of himself and all others similarly situated, filed a

[1] All docket citations refer to entries in the *Leam* Action. In addition, all page number citations herein refer to the page numbers assigned upon ECF filing, unless otherwise noted.

separate putative class action against Defendants, similarly asserting that Defendants engaged in false and misleading representations regarding the same two Gatorade products, as well as several others. *See Walsh v. PepsiCo, Inc.*, No. 7:26-cv-05191 (JGLC)(JCM) (S.D.N.Y.) (the "*Walsh* Action"). Plaintiffs in the *Leam* Action and the *Walsh* Action ("Plaintiffs") filed the instant motion to consolidate both actions and to appoint interim co-lead counsel, as well as members of an interim executive committee. (Docket No. 14). The motion to consolidate is unopposed, and Defendant takes no position on the appointment of interim co-lead counsel and an executive committee. (Docket No. 17). For the reasons that follow, the motion is granted in part and denied in part.[2]

## I. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Courts have "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "In determining whether to consolidate actions, courts may consider 'judicial economy,' which favors consolidation, but must ensure that consolidation will not jeopardize 'a fair and impartial trial.'" *Navarro v. Oscar Health, Inc.*, 26 Civ. 2861 (JPC), 26 Civ. 3008 (JPC), 2026 WL 1584663, at *2 (S.D.N.Y. June 3, 2026) (quoting *Johnson*, 899 F.2d at 1285). Moreover, "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

[2] An order on a motion to consolidate and appoint lead counsel is nondispositive. *See Dimitrov v. United States*, Civil Action No. 25 Civ. 7420 (JHR)(SLC), 2026 WL 228448, at *1 n.1 (S.D.N.Y. Jan. 28, 2026); and *Katz v. Marex Grp. PLC*, 818 F. Supp. 3d 591, 600 n.3 (S.D.N.Y. 2026). Thus, the Court issues this Opinion and Order, rather than a Report and Recommendation.

Under Federal Rule of Civil Procedure 23(g)(1)(a), courts may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(1)(a). Interim class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). In appointing interim class counsel, courts consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions . . . and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

In addition to designating class counsel, courts may "appoint a . . . plaintiffs' steering committee to coordinate and conduct pretrial proceedings on behalf of all plaintiffs in order to avoid what otherwise might well become chaotic." *Ayerdi v. Zeta Glob. Holdings Corp.*, 25 Civ. 5780 (PAE), 25 Civ. 5823 (PAE), 2025 WL 2916293, at *3 (S.D.N.Y. Oct. 14, 2025) (alteration in original) (quoting *In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 130 (2d Cir. 2010) (Kaplan, J., concurring)). "Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *In re Crude Oil Commodity Futures Litig.*, No. 11 Civ. 3600 (WHP), 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012) (quoting Manual for Complex Litig., § 10.221 (4th ed. 2004)). However, such "[executive] committees of counsel can lead to substantially increased costs and unnecessary duplication of efforts." *Id.* Therefore, courts must weigh the plaintiffs' request to form an executive committee "against the competing considerations of efficiency and economy." *Id.* If appointed, executive committee members "are not vested . . . with any responsibilities in

[the] case" and "are not authorized to do independent work on behalf of the putative class." *Ayerdi*, 2025 WL 2916293, at *4. Rather, executive committee members "are to be 'on-call'—available, at interim co-lead counsel's sole discretion, as a resource if needed." *Id.*

## II. DISCUSSION

### A. Consolidation

Plaintiffs maintain that consolidation is appropriate here because the two cases "arise out of the same mislabeling allegations, involve the same Defendants, assert the same or similar causes of action, and seek similar relief." (Docket No. 14-2 at 10). Additionally, Plaintiffs contend that "questions of law or fact among the [*Leam* Action and the *Walsh* Action] are nearly identical." (*Id.*). Plaintiffs further assert that consolidating the cases "will promote efficiency and judicial economy, benefit the class by bringing more potential class representatives to bear, and avoid the need for serial resolutions." (*Id.* at 11). The Court agrees.

Here, both actions involve claims that Defendants violated state and common laws by falsely and misleadingly labeling and marketing certain Gatorade products, thus, the Court finds that these actions are "sufficiently related to justify consolidation, in the interest of justice and to avoid overlap and undue expense." *McChesney v. Hogan*, Nos. 9:08-CV-1186 (NAM/DEP), 6:08-CV-1290 (DNH/DEP), 2009 WL 607398, at *2 (N.D.N.Y. Dec. 23, 2008), *report and recommendation adopted*, 2009 WL 607398 (N.D.N.Y. Mar. 9, 2009). Furthermore, Defendants do not oppose consolidation, (Docket No. 17), and thus, no party would be prejudiced by consolidating the actions. Moreover, consolidation will promote judicial economy, ensure a coordinated discovery schedule and motion practice, and avoid inconsistent rulings. *See Navarro*, 2026 WL 1584663, at *2 (noting that "consolidation will promote judicial convenience

and economy, while also avoiding unnecessary costs to the parties."). Finally, there is no indication that consolidating these actions will result in an unfair trial.

Accordingly, Plaintiffs' unopposed motion to consolidate is granted and the *Leam* Action is deemed the lead case.

**B. Appointment of Interim Class Counsel**

Plaintiffs request that the Court appoint Blake Hunter Yagman of Yagman PLLC, Michael R. Reese of Reese LLP, and Laurence D. King of Kaplan Fox & Kilsheimer LLP, as interim co-lead counsel pursuant to Federal Rule of Civil Procedure 23(g) ("Rule 23(g)"). (Docket No. 14-2 at 7, 16). Upon review of the instant application, the Court finds that Mr. Yagman, Mr. Reese, and Mr. King meet the four factors enumerated in Rule 23(g).

Regarding the first factor, courts must consider "the work counsel has done in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). Plaintiffs' proposed interim co-lead counsel have "committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation," including "investigating and researching the potential legal theories and claims at issue, researching and reviewing information relating to the factual underpinnings of the conduct as alleged and this litigation, and communicating with affected persons impacted by Defendants' conduct." (Docket No. 14-2 at 15). Considering their extensive knowledge of the underlying facts, pertinent issues, and alleged injuries to Plaintiffs, the Court "is satisfied that the work done thus far by the Proposed Interim [Co-Lead] Counsel in identifying or investigating potential claims weighs in favor of their appointment as interim lead counsel." *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016).

The second and third factors are "counsel's experience in handling class actions . . . and the types of claims asserted in the action; [and] . . . counsel's knowledge of the applicable law." Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii). Mr. Yagman, a founder and partner at Yagman PLLC, "currently has leadership positions or is sole counsel in significant class action and multidistrict litigation cases in courts around the country" and "has litigated high-stakes cases—including cases of first impression—involving new and emerging legal issues, including algorithmic price fixing, surreptitious collection of biometric data, deployment of surveillance pricing, implementation of evolving digital tracking technologies, and challenging various forms of complex price manipulation." (Docket No. 14-2 at 17). Mr. Reese, a former assistant district attorney and the founding and managing partner of Reese LLP, has "successfully litigated numerous food cases, having won tens of millions of dollars in recovery for consumers, as well as instituted corporate reform including label changes and product reformulation to remove unhealthy ingredients." (*Id*. at 18-19). Additionally, Mr. King, a former prosecutor and current head of the consumer protection practice at Kaplan Fox, is "highly experienced in complex class actions and multidistrict litigations across the spectrum of cases involving antitrust, securities, consumer protection, and information privacy laws." (*Id*. at 18-19).

Thus, the Court finds that Mr. Yagman, Mr. Reese, and Mr. King "have deep knowledge not only of class action law and procedure, but also of substantive [consumer protection and data privacy] law." *In re: Int. Rate Swaps Antitrust Litig*., 16-MD-2704 (PAE), 16-MC-2704 (PAE), 2016 WL 4131846, at *3 (S.D.N.Y. Aug. 3, 2016). The Court also finds that proposed counsel "will fairly and adequately represent the interests of the putative class as interim class counsel." *Mogull v. Pete & Gerry's Organics, LLC*, 21 CV 3521 (VB), 2022 WL 4661454, at *2 (S.D.N.Y. Sept. 30, 2022).

The final factor that courts must consider is "the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(iv). Proposed interim co-lead counsel assert that they "have collectively conducted all of the work necessary to prosecute this consolidated litigation thus far, and they stand ready, willing, and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary for furthering the claims of Plaintiffs and the putative class." (Docket No. 14-2 at 15-16). In addition, they maintain that that "have significant experience litigating cases of first impression as well as cases which include the use of consumer protection issues across an array of different industries." (*Id.* at 17). Therefore, the fourth factor is met.

Accordingly, Plaintiffs' motion to appoint Mr. Yagman, Mr. Reese, and Mr. King as interim co-lead counsel is granted.

**C. Appointment of an Executive Committee**

Plaintiffs also seek the appointment of Raphael Janove, of Janove PLLC, and Valter Malkhasyan, of Malk & Pogo Law Group, LLP, as members of an interim executive committee. (Docket No. 14-2 at 7, 16). Mr. Janove, a founding member and shareholder at Janove PLLC, has "extensive experience handling class actions, complex litigation and consumer protection claims." (*Id.* at 22). Mr. Malkhasyan, a founding and managing partner at Malk & Pogo Law Group, LLP, also "has substantial experience in consumer product labeling litigation in this District and elsewhere." (*Id.* at 25).

While Mr. Janove and Mr. Malkhasyan have notable and relevant experience, "[a]t this preliminary stage of the litigation, this Court finds that a leadership structure consisting of [three] co-lead counsel will be sufficient to address the various complexities that may arise, while keeping unnecessary costs to a minimum." *In re Crude Oil Commodity Futures Litig.*, 2012 WL

569195, at *2; *see also In re Warner Music Grp. Data Breach*, 20 Civ. 7473 (PGG), 2021 WL 725728, at *3 (S.D.N.Y. Feb. 22, 2021) ("At this stage of the litigation, it is not clear that a leadership structure beyond the [three] co-lead counsel is necessary to serve Plaintiffs' needs."). Moreover, Plaintiffs have not demonstrated the "potential complexity of this litigation" necessitating the appointment of an executive committee. *Ayerdi*, 2025 WL 2916293, at *3; *see also Archer v. Pillsbury Winthrop Shaw Pittman LLP*, 25 Civ. 9613 (KPF), 25 Civ. 9647 (KPF), 25 Civ. 9684 (KPF), 25 Civ. 9690 (KPF), 2025 WL 3485632, at *1 (S.D.N.Y. Dec. 4, 2025) (denying a motion to appoint an executive committee where the "contemplated scope of the litigation and size of the putative class" did not require additional counsel appointments to "move [the] litigation forward" and could "result in duplicative efforts and inefficient use of counsel's resources").

Accordingly, Plaintiffs' request to appoint an executive committee is denied without prejudice. Plaintiffs may renew this request if and when appropriate, upon a showing that the complexities of the litigation outweigh the economic and efficiency considerations. However, nothing in this Order precludes the interim co-lead counsel from "divid[ing] case responsibilities and costs as they see fit among any of the fine law firms" who comprised the proposed executive committee. *In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *2. Moreover, it is incumbent upon the interim co-lead counsel to "manage the allocation of resources with a view that this Court will scrutinize any fee applications at the conclusion of the case." *Id.*

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion is granted in part and denied in part. Plaintiff's request to consolidate and appoint interim co-lead counsel is granted. The Court will

issue a separate order consolidating the actions and appointing interim co-lead counsel. Plaintiff's request to appoint an interim executive committee is denied without prejudice.

The Clerk of Court is respectfully directed to terminate the pending motion (Docket No. 14).

Dated: July 31, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge