UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| *In re Gatorade Marketing & Sales Practices Litigation* | Case No. 7:26-cv-04258-JGLC-JCM<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS PEPSICO, INC., THE GATORADE COMPANY, AND STOKELY-VAN CAMP, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT |

Pursuant to Federal Rule of Evidence 201, Defendants PepsiCo, Inc., The Gatorade Company, and Stokely-Van Camp, Inc. (collectively, "PepsiCo") hereby respectfully request that the Court take judicial notice of the following documents:

1. **Exhibit A** to the Declaration of Charles C. Sipos ("Sipos Decl.") is a representative label of Gatorade Lower Sugar Electrolyte Sports Drink ("Lower Sugar Gatorade").

2. **Exhibit B** to the Sipos Declaration is a representative label of Gatorade Zero Powder Sticks ("Gatorade Powder").

3. **Exhibit C** to the Sipos Declaration is a representative label of Gatorade Thirst Quencher ("Classic Gatorade").

4. **Exhibit D** to the Sipos Declaration is a representative label of Gatorade Zero Sugar Thirst Quencher ("Gatorade Zero").

5. **Exhibit E** to the Sipos Declaration is the listing for citric acid in the U.S. Food & Drug Administration's ("FDA") inventory of "Substances Added to Food."

6. **Exhibit F** to the Sipos Declaration is the listing for sodium citrate in the FDA's inventory of "Substances Added to Food."

7. **Exhibit G** to the Sipos Declaration is a copy of "Chapter 4: Advisory Actions" of FDA's Regulatory Procedures Manuel, published on FDA's website. The portion of Exhibit G cited in PepsiCo's Motion may be found at page 4.

## ARGUMENT

In deciding a motion to dismiss, the court may properly consider documents in the following three categories: "documents that are referenced in the Complaint, documents that plaintiffs relied on in bringing the suit (that are either in the plaintiffs' possession or were known to plaintiffs at the time they brought suit), or matters of which judicial notice may be taken [under Rule 201]." *Levy v. Verizon Info. Servs., Inc.*, 498 F. Supp. 2d 586, 593 (E.D.N.Y. 2007) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.")).

Federal Rule of Evidence 201(b)(2) allows a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Courts routinely take judicial notice of "materials such as product labels and packaging referenced numerous times in the complaint." *Sharpe v. A&W Concentrate Co*., 481 F. Supp. 3d 94, 98 (E.D.N.Y. 2020) (taking judicial notice of product labels at issue); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 389 (E.D.N.Y. 2017) (same); *Silva v. Smucker Natural Foods, Inc*., 14-cv-6154, 2015 WL 5360022, at *2 (E.D.N.Y. Sept. 14, 2015) (same); *Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 400 n.1 (E.D.N.Y. 2010) (same); *see also Singleton v. Fifth Generation, Inc*., 2016 WL 406295, at *3 (N.D.N.Y. Jan. 12, 2016) ("Since the Complaint incorporates the Tito's labels by reference, the Court will consider the front and back labels submitted by Defendant.").

Exhibit A–D are representative labels for the four types of Gatorade Products at issue in the case, as referenced in the Consolidated Class Action Complaint ("CCAC"). Plaintiffs rely on the Products' labels extensively to form the basis of their claims and include partial images of the labels in the CCAC. *See, e.g.,* CACC ¶¶ 3, 6, 70, 81, 83, 85, 118, 120. Judicial notice of these exemplar labels and the claims and nutritional information contained on them is therefore appropriate pursuant to the incorporation by reference doctrine, and necessary to permit full treatment of the issues raised in PepsiCo's Motion to Dismiss. *See, e.g.,* Sharpe, 481 F. Supp. 3d at 98.

Additionally, "[w]hen considering a motion made pursuant to Rule 12(b)(6), the Court may take judicial notice of 'documents retrieved from official government websites' . . . ." *Jones v. Cuomo*, 542 F. Supp. 3d 207, 211 n.1 (S.D.N.Y. 2021) (quoting *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015)); *see also, e.g., J.T. v. de Blasio*, 500 F. Supp. 3d 137, 149 (S.D.N.Y. 2020) (taking judicial notice of documents "that were published on an official government web site, which means a court can take judicial notice of them without converting a motion to dismiss into a motion for summary judgment"); *Williams v. PMA*

*Cos*., 419 F. Supp. 3d 471, 484 (N.D.N.Y. 2019) (taking judicial notice of "documents that were retrieved from official government websites").

Exhibits E and F contain the FDA's listings for citric acid and sodium citrate, respectively, in its FDA's inventory of "Substances Added to Food." Exhibit G is a copy of "Chapter 4: Advisory Actions" from the FDA's Regulatory Procedures Manual, published on FDA's website. Judicial notice of Exhibits E–G is appropriate pursuant to Rule 201, as the content—published by a government agency namely, FDA—is a matter of public record that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Dated: October 29, 2026

Respectfully submitted,

ASHURST PERKINS COIE US LLP

By: */s/ Charles C. Sipos*

Charles C. Sipos, Pro Hac Vice
charles.sipos@ashurstperkins.com
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Tel: +1.206.359.8000
Fax: +1.206.359.9000

Emily B. Cooper
emily.cooper@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Tel: +1.212.262.6900
Fax: +1.212.977.1649

Natalie K. Sanders, Pro Hac Vice
natalie.sanders@ashurstperkins.com
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067-1721
Tel: +1.310.788.9900
Fax: +1.310.788.3399